UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA DAVID HULTS,

                                        Plaintiff,

v.                                                      8:14-CV-00535
                                                        (DNH/TWD)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                                        Defendant.
_____

APPEARANCES:                                OF COUNSEL:

STEPHEN MASTAITIS, ESQ.
Counsel for Plaintiff
1412 Route 9P
Saratoga Springs, New York 12866


HON. RICHARD S. HARTUNIAN           MARIA FRAGASSI SANTANGELO, ESQ.
United States Attorney for the      Special Assistant United States Attorney
 Northern District of New York
*Counsel for Defendant*
Room 218
James T. Foley U.S. Courthouse
Albany, New York 12207


OFFICE OF GENERAL COUNSEL            STEPHEN P. CONTE, ESQ.
Social Security Administration       Chief Counsel, Region II
26 Federal Plaza, Room 3904
New York, New York 10278

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## <u>REPORT AND RECOMMENDATION</u>

        This matter has been referred to the undersigned for report and recommendation by the

Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b)

(2013) and Northern District of New York Local Rule 72.3(d).

Plaintiff Joshua David Hults is seeking judicial review of the final decision of the Commissioner denying his claims for benefits under Title II and XVI of the Social Security Act, as amended ("Act"), pursuant to 42 U.S.C. § 405(g).  (Dkt. No. 1.)  Presently before the Court is the Defendant Commissioner's unopposed motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.  (Dkt. 11.)  For reasons explained below, the Court recommends that Defendant's motion to dismiss be granted.

## I.    BACKGROUND

Plaintiff protectively filed Title II and Title XVI applications for disability benefits and supplemental security income, respectively, on April 19, 2011.  (Dkt. No. 11-2 at 8.[1])  The claims were initially denied on August 2, 2011.  *Id*.  Plaintiff thereafter filed a request for a hearing before an administrative law judge ("ALJ"), and a hearing was held on July 2, 2012.  *Id*.   On September 21, 2012, the ALJ issued a decision denying Plaintiff's claims for benefits under Titles II and XVI.  *Id*. at 8-20.  Plaintiff requested review of the denial by the Appeals Council, and on February 26, 2014, the Appeals Council sent Plaintiff notice of its denial of his request for review.  *Id*. at 27-29.  The action by the Appeals Council rendered the ALJ's decision the final decision.  *Id*. at 3. The notice from the Appeals Council advised Plaintiff that he had sixty days starting the day after he received the notice within which to file a civil action.  *Id*. at 28.

Plaintiff filed the complaint in this matter on May 7, 2014.  (Dkt. No. 1.)  Defendant is unaware of any request for an extension of time to file a civil action as specified in the notice

---

[1]  Page references to documents identified herein by docket number are to the numbers assigned by the CM/ECF docketing system.

from the Appeals Council and in § 405(g) and 20 CFR 422.210.  (Dkt. No. 11-2 at 3.)

## II.    ANALYSIS

The United States and its agencies, including the Social Security Administration ("SSA"), have immunity from suit absent waiver.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  The Act waives the SSA's sovereign immunity in limited circumstances.  As to claims arising under Titles II and XVI of the SSA, federal courts may review "final decisions" of the SSA.  *See* 42 U.S.C. § 405(g) & (h).  Section 405(g) of the Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after mailing to him of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g); *Matsibekker v. Heckler*, 738 F.2d 79, 80-81 (2d Cir. 1984); *Velez v. Apfel*, 229 F.3d 1136 (2d Cir. 2000) (summary order).  The sixty day limit has been found by the Supreme Court to be a statute of limitations, and since the limit "is a condition on the waiver of sovereign immunity," it must be strictly construed.  *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).

Section 405(h) limits judicial review to the review permitted under § 405(g).  It mandates that

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by a person, tribunal, or governments agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

3

42 U.S.C. § 405(h).

The Commissioner's regulation at 20 C.F.R. § 422.210(c) interprets "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review of the ALJ's decision or the Appeals Council decision. *See* 20 C.F.R. §§ 404.981, 416.1481. The date of receipt is presumed to be five days after the date of the notice, unless there is a reasonable showing to the contrary made to the Appeals Council. *See* 20 C.F.R. §§ 404.901, 416.1401, and 422.210(c); *Matsibekker*, 738 F.2d at 81.

The Appeals Council notice is dated February 26, 2014. (Dkt. No. 11-2 at 27.) Therefore, the presumed date of receipt by Plaintiff is March 3, 2014. Plaintiff, who as noted above has not opposed the motion to dismiss, has made no showing to the contrary. Plaintiff was required to commence his civil action by May 2, 2014. Since Plaintiff did not commence this action until May 7, 2014, the action is clearly untimely, and dismissal on subject matter jurisdiction grounds is warranted unless some exception to the general rule is applicable. *See Liranzo v. Comm'r of Soc. Sec.*, 411 F. App'x 390, 391-922 (2d Cir. 2011) (affirming dismissal of an action brought under § 405(g) as untimely).

The sixty day period in § 405(g) can be tolled by the court in rare cases "where the equities in favor of tolling the limitations period are so great that deference to the [denial of tolling by the Commissioner] is inappropriate." *Bowen*, 476 U.S. at 479-80. Plaintiff appears to have made no request for tolling to the Commission and has made no request for tolling of the limitations period by the District Court in this action.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 11) be **GRANTED** and that the complaint be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:  September 9, 2016
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge